IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALICIA NAVAIRA LUCIO, REPRESENTATIVE MOTHER FOR ANGELINA MONIQUE LUCIO, <br><br> *Plaintiff,* <br><br> vs. <br><br> DR. KILOLO KIJAKAZI, SOCIAL SECURITY COMMISIONER, <br><br> *Defendant.* | SA-22-CV-00378-ESC |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's Motion for the Appointment of Counsel [#11] and Motion for Extension of Time [#14]. By her motions, Plaintiff asks the Court to appoint counsel to represent her in this appeal of an adverse disability determination and for an extension of time to file her opening brief. The Court will deny the motion to appoint counsel and grant the motion for extension of time for the filing of Plaintiff's *pro se* brief.

This Court has discretion to appoint counsel in a civil case, but there is no right to the appointment of counsel. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Under governing law, appointment of counsel in a civil case is only required where a case presents "exceptional circumstances." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In determining whether exceptional circumstances exist, the following factors are relevant: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately representing herself; (3) the

plaintiff's ability to adequately investigate and present her case; (4) the presence of evidence which consists largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and (5) the likelihood that appointment will benefit the plaintiff, the court, and the defendants by shortening the trial and assisting in a just determination. *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

The Court finds no exceptional circumstances to be present in this case. Plaintiff's *pro se* Social Security Complaint asks the Court to vacate the administrative decision denying child's insurance benefits for her daughter Angelina Monique Lucio. A review of the Complaint establishes that Plaintiff is able to adequately communicate with the Court and to identify the points of error she believes occurred in the administrative proceedings. The administrative record also establishes that the issues on appeal are not complex. Plaintiff's daughter is already receiving disability benefits as an adult. This case challenges the adverse determination that Plaintiff failed to establish that her daughter suffered from a severe impairment prior to attaining the age of 22 and therefore only focuses on the time period prior to October 10, 2008. Plaintiff's Complaint contends that the ALJ failed to consider all of her daughter's impairments, all of the treatment records, and all of the non-medical evidence favorable to her daughter's claim of childhood disability.

The Government has filed an Answer and a copy of the administrative record, which provides the Court with the procedural history of this case and the administrative decision of the ALJ, which constitutes the final decision of the Commissioner. In her opening brief, Plaintiff need only identify for the Court the issues on appeal, i.e., the errors she believes the ALJ committed in rendering her decision. In doing so, Plaintiff should specifically identify the

evidence she believes the ALJ failed to consider from the relevant time period prior to October 10, 2008. As a *pro se* Plaintiff, Plaintiff does not need to include case citations or provide record excerpts, as directed by the Court's Order regarding the filing of briefs. Rather, the brief should focus on the alleged errors committed by the ALJ and why Plaintiff believes these errors caused the ALJ to reach the incorrect result in this case.

This is Plaintiff's first request for the appointment of counsel. If the Government's responsive brief raises any complex issues that Plaintiff finds difficult to address in a reply brief, she may again move for the appointment of counsel and set forth the reasons she believes an appointment to be necessary.

As to Plaintiff's motion for an extension of time to file her opening brief, the Court will grant the motion. Plaintiff's opening brief is due on August 15, 2022, in only ten days. Based on the representations in Plaintiff's motion and the disposition of the motion to appoint counsel, the Court finds good cause to extend the deadline for Plaintiff to file her opening brief.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for the Appointment of Counsel [#11] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time [#14] is **GRANTED**.

**IT IS FINALLY ORDERED** that Plaintiff file her opening brief on or before **October 14, 2022**. Defendant's brief is due no later than **45 days** after the filing of Plaintiff's brief. Plaintiff's reply brief is due within **14 days** of Defendant's responsive brief. The parties are instructed to consult the Court's previous briefing schedule dated July 1, 2022 [#10] for details regarding page limitations and other requirements.

**IT IS SO ORDERED.**

SIGNED this 10th day of August, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE