IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALICIA NAVAIRA LUCIO, REPRESENTATIVE MOTHER FOR ANGELINA MONIQUE LUCIO;  §§§§§§§§§§§§§<br><br>*Plaintiff,*<br><br>vs.<br><br>DR. KILOLO KIJAKAZI, SOCIAL SECURITY COMMISIONER;<br><br>*Defendant.* | SA-22-CV-00378-ESC |

**ORDER**

      This order concerns Plaintiff's request for review of the administrative denial of an application for disabled adult child insurance benefits on behalf of Plaintiff's daughter, Angelina Monique Lucio ("Angelina"), under Title II of the Social Security Act.  42 U.S.C. §§ 405(g), 1383(c)(3).  On March 22, 2023, the parties appeared through counsel before the Court for oral argument on the issues raised in this case.  After considering Plaintiff's Opening Brief [#19], Defendant's Brief in Support of the Commissioner's Decision [#20], the transcript ("Tr.") of the SSA proceedings [#9], the applicable case authority and relevant statutory and regulatory provisions, the parties' oral arguments at the Court's hearing, and the entire record in this matter, the Court concludes that no reversible legal error was committed during the proceedings, and substantial evidence supports the Commissioner's decision finding Angelina Monique Lucio not disabled prior to age 22.  The Court will therefore affirm the Commissioner's decision.

## I. Jurisdiction

This Court has jurisdiction to review a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g).  The undersigned has authority to enter this Order pursuant to 28 U.S.C. § 636(c)(1), as all parties have consented to the jurisdiction of a United States Magistrate Judge [#13].

## II. Legal Standards

Every child of an individual entitled to old-age or disability insurance benefits is entitled to child's insurance benefits, if the child was unmarried and under a disability that began before she attained the age of 22 and was dependent upon the insured individual at the time of death or, if the individual is living, at the time the application was filed.  42 U.S.C. § 402(d)(1).  Where the claimant is 18 years or older, as here, such benefits are referred to as disabled adult child benefits. *Fabian v. Berryhill*, 734 Fed. App'x 239, 242 (5th Cir. 2018) (citing 20 C.F.R. § 404.350(a)).

An adult child claimant is "disabled" under the Social Security Act if, during the relevant time period, she was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A). In determining whether a claimant was disabled during the relevant period, the Commissioner uses a sequential, five-step approach, which considers whether: (1) the claimant engaged in substantial gainful activity during the relevant period, (2) the claimant had a medically determinable impairment during the relevant period that is severe, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) the impairment prevented the claimant from performing past relevant work during the relevant period, and (5) the impairment prevented her from doing any relevant work during the relevant period.  *Garcia v. Berryhill*, 880

F.3d 700, 704 (5th Cir. 2018).  If the claimant gets past the first four stages, then the burden shifts to the Commissioner on the fifth step to prove the claimant's employability during the relevant time period.  *Id.*  A finding that a claimant was not disabled during the relevant time period at any point in the five-step review is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

In reviewing the denial of benefits, the Court is limited to a determination of whether the Commissioner, through the ALJ's decision,[1] applied the proper legal standards and whether the Commissioner's decision is supported by substantial evidence.  *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3).  "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  Conflicts in the evidence and credibility assessments are for the Commissioner, not the Court, to resolve.  *Id.*  While substantial deference is afforded the Commissioner's factual findings, the Commissioner's legal conclusions, and claims of procedural error, are reviewed *de novo*.  *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

### III.  Factual Background

---

[1] In this case, because the Appeals Council declined to review the ALJ's decision, the decision of the ALJ constitutes the final decision of the Commissioner, and the ALJ's factual findings and legal conclusions are imputed to the Commissioner.  *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005); *Harris v. Apfel*, 209 F.3d 413, 414 (5th Cir. 2000).

Plaintiff filed an application for disabled adult child benefits on behalf of her daughter, Angelina, on November 27, 2019, based on the Social Security earnings of Angelina's deceased father, Jesus Lucio, alleging disability beginning April 1, 2005 (when Angelina was 18 years old). (Tr. 223.) Angelina was previously denied adult child insurance benefits as a dependent of her mother under her mother's Social Security earnings. (Tr. 33–37.) Angelina is already receiving adult disability insurance benefits and supplemental security income for a disability beginning on December 20, 2013. (Tr. 116–117.) The underlying application at issue in this case seeks disabled adult child benefits for Angelina from April 1, 2005 (when she was 18), to October 11, 2008, her twenty-second birthday ("the relevant time period").

At the time of her application for benefits, Angelina was 33 years old. (*See* Tr. 151.) Angelina's disability report completed along with her application indicates that she completed high school and two years of college, as well as training to be a dental assistant, but that she stopped working in April 2005 due to difficulties maintaining employment on account of her mental impairments. (Tr. 281.) However, Angelina's job history lists several positions she held after April 2005, such as receptionist at various restaurants and businesses, though none of these positions lasted for more than a month or a few days. (Tr. 281.) The disability report lists the following impairments as the basis for Angelina's claim for benefits: ADHD, psychosis, anxiety, schizoaffective disorder, bipolar disorder, panic attacks, depression, and rage. (Tr. 280.)

Plaintiff's application was denied initially on December 23, 2019, and again upon reconsideration on March 13, 2020. (Tr. 78–104.) Following the denial of her claim, Plaintiff requested an administrative hearing, which was held on January 25, 2021. (Tr. 60–77.) At the hearing, the ALJ focused on Angelina's condition and impairments prior to her turning age 22, so Angelina was asked to recall events from over a decade prior to the hearing. (Tr. 71.) Angelina

testified that in 2008 she was going to school and working as a hostess at Outback Steakhouse. (Tr. 71–72.) (This position is not listed in Angelina's job history submitted with her application for adult child disability benefits.) (Tr. 281.) At the hearing, Angelina explained that she was struggling generally and at her job at the time from anxiety and panic attacks, lack of focus, crying spells, and mood issues. (Tr. 72.) Angelina also explained that she was having trouble getting along with her coworkers and customers; that she was on some type of mood-stabilizing psychiatric medication; and that she was compliant with her medication regimen. (Tr. 71.)

The ALJ issued an unfavorable decision on March 2, 2021. (Tr. 149–54.) In her decision, the ALJ first found that Angelina had not yet attained the age of 22 at the time of her application for benefits, and therefore Angelina met the age requirement for adult child disability benefits. (Tr. 151.) The ALJ then applied the five-step sequential analysis required by SSA regulations. At step one of the analysis, the ALJ found that Angelina has not engaged in substantial gainful activity since April 1, 2005, the alleged disability onset date. (Tr. 151.) At step two, the ALJ found that Angelina had the medically determinable impairments of attention-deficit/hyperactivity disorder (ADHD), bipolar disorder, and schizoaffective disorder prior to attaining the age of 22, but that these disorders were not severe at that time. (Tr. 152–54.) The ALJ therefore found Angelina was not under a disability during the relevant time period. (Tr. 154.)

Plaintiff requested review of the ALJ's decision and submitted additional evidence to the Appeals Council, but the Appeals Council denied review on October 12, 2021, concluding that the new evidence was not reasonably likely to change the outcome of the ALJ's decision. (Tr. 8–11.) On April 19, 2022, Plaintiff, proceeding *pro se*, filed the instant case, seeking review of the administrative determination.

### IV.  Analysis

Plaintiff raises two points of error in this appeal.  Plaintiff argues that substantial evidence does not support the ALJ's finding that Angelina did not have a severe impairment limiting her ability to perform work-related activities prior to age 22.  Plaintiff also argues that the Appeals Council erred in declining to accept review of Angelina's case based on her submission of additional evidence.  For the reasons that follow, the Court will affirm the Commissioner's decision finding Angelina failed to provide sufficient evidence of a severe impairment or combination of impairments that limited her ability to perform basic work-related activities for 12 consecutive months, prior to the age of 22, and failed to provide the Appeals Council with evidence that had a reasonable probability of changing the outcome of the Commissioner's decision.

**A.     Substantial evidence supports the ALJ's step-two determination.**

Plaintiff's first point of error turns on whether there is substantial evidence supporting the ALJ's step-two finding that Plaintiff, prior to age 22, though suffering from several medically determinable mental impairments (ADHD, bipolar disorder, and schizoaffective disorder), did not have a severe impairment as defined by the governing regulations.  A severe impairment is one that significantly limits the physical or mental ability to do basic work activities.  20 C.F.R. § 404.1522(a).  Examples of basic work activities include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

*Id.* § 404.1522(b).

In finding Angelina's impairments to be non-severe, the ALJ noted that Angelina testified at the ALJ's hearing that in 2008 she was both working and going to school. (Tr. 153.) Additionally, the ALJ cited a brief submitted by Angelina's non-attorney representative after the hearing that argued that Angelina exhibited symptoms of ADHD, schizoaffective disorder, and bipolar disorder during the relevant time period, but conceded that treatment records before 2008 were limited. (Tr. 153.) Indeed, the medical records before October 11, 2008, are almost non-existent.

In the record before the ALJ, the *only* medical record pertaining to Angelina before she attained the age of 22 was an urgent care record from April of 2007. (Tr. 465.) The ALJ discussed this record in her opinion. (Tr. 153.) The record states that Angelina appeared tearful during the urgent care visit; that Angelina was at that time under the care of a psychiatrist; that Angelina was struggling with feeling misunderstood; and that Angelina had concerns about a possible pregnancy. (Tr. 465.) The examining physician also noted that a call had been placed to Angelina's psychiatrist and that she would be seeing the psychiatrist the Monday following the urgent care visit. (Tr. 465.) However, the physician also noted that Angelina denied any suicidal or homicidal ideations and demonstrated logical and thoughtful behavior. (Tr. 465.) The examining physician gave Angelina diagnoses of anxiety and depression. (Tr. 465.) The ALJ summarized all of these treatment notes in her opinion and also commented that the treatment records submitted at the hearing did not include any records from Angelina's psychiatrist for treatment after the urgent care visit or at any time prior to the age of 22 or any evidence of counseling or psychiatric hospitalization prior to age 22. (Tr. 153.) The next medical encounter after the urgent care visit that is documented in the record occurred on July 20, 2010, when Angelina was 23. (Tr. 470.)

The ALJ's opinion also references the opinions of the State Agency Psychology Consultants (SAPC) at the initial and reconsideration levels, both of whom found insufficient evidence to evaluate Angelina's claim during the relevant period. (Tr. 87, 101, 153.) The ALJ found these opinions to be persuasive in light of the lack of evidence of medication management, counseling, or psychiatric hospitalization in the record for the time period at issue. (Tr. 153.) The SAPC opinions provide additional evidentiary support for the ALJ's decision. There are no other medical opinions in the record as to Angelina's mental condition prior to age 22.

Plaintiff argues that the ALJ erred in failing to credit and specifically discuss additional non-medical evidence in the record, namely statements from Plaintiff and letters from other individuals in her family and community, regarding Angelina's mental state prior to age 22. (Tr. 295–311.) Plaintiff argues this evidence establishes that Angelina was under the care of a psychiatrist prior to age 22, had diagnoses of bipolar and schizoaffective disorder, and was severely mentally impaired. The ALJ did not commit reversible error by failing to comment on this evidence in her opinion.

First, the Social Security regulations do not require the ALJ to specifically articulate how she considered evidence from nonmedical sources. 20 C.F.R. § 404.1520c(d). The ALJ must, however, make a decision based on "all evidence" in the record. 42 U.S.C. § 423(d)(5)(B). The ALJ attached to her opinion an exhibit list, which included the non-medical evidence at issue, and the ALJ stated in her opinion that she considered the entire record. (Tr. 151, 157–58.) It is not reversible error for the ALJ to fail to provide a narrative discussion of the non-medical evidence in her decision.

Moreover, even if the Court were to agree that some of this non-medical evidence supports a finding of a severe mental impairment, the Court is not permitted to reweigh the evidence or

substitute its own judgment for that of the ALJ. *See Newton*, 209 F.3d at 452. That said, the Court reminds Plaintiff that it is her burden at step two to establish that she suffers from an impairment that is severe, meaning that it significantly limits her ability to do basic work activities, such as understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, coworkers, and usual work situations; or dealing with changes in a routine work setting. 20 C.F.R. § 404.1522(a), (b). Although the non-medical evidence cited by Plaintiff does contain general observations regarding Angelina's impaired mental health, the only non-medical evidence regarding how these impairments bear on her ability to perform basic work activities is a timeline created by Plaintiff of Angelina's mental health history, which includes a summary of her track record of failed employment. (Tr. 302–05.) This timeline states that Angelina was dismissed from Outback Steakhouse for being insubordinate in 2006; was dismissed from GM Restaurants in 2007 and Red Lobster in 2008 for attendance issues; and only held other jobs for short periods of time. (Tr. 302–05.) This summary does not include any clinical observations that might help clarify how Angelina's struggles specifically impeded her ability to perform the basic work activities listed above, which is the legal standard on which the ALJ based her step two finding.

Plaintiff also argues in her brief that the ALJ erred at step two by not recognizing Angelina's depression and anxiety as medically determinable impairments, even though Angelina was diagnosed with these disorders in April 2007, per the notes from her urgent care visit. (Tr. 465.) The Court agrees with the Commissioner that any error in failing to recognize these diagnoses as impairments was harmless. First, a diagnosis alone does not establish a disabling impairment. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Second, the record reflects

that the ALJ undertook a Paragraph B analysis[2] in analyzing Angelina's mental impairments, and due to the sparse medical records of Angelina's treatment prior to age 22, determined that Plaintiff had only mild limitations in the four functional areas. (Tr. 153–54.) Plaintiff has not provided the Court with any evidence, medical or otherwise, that suggests Plaintiff's depression and anxiety caused severe impairments in her ability to work during the relevant time period separate and apart from any of the impairments flowing from Plaintiff's recognized medically determinable impairments of ADHD, bipolar disorder, and schizoaffective disorder. In summary, there is substantial evidence to support the ALJ's step-two determination, and the ALJ did not commit any reversible legal error in finding Plaintiff failed to satisfy her burden to demonstrate her mental impairments significantly limited her ability to perform basic work activities prior to age 22.

**B.     The Appeals Council did not err in failing to consider new evidence.**

Plaintiff's second point of error argues that the Appeals Council erred in declining to consider new evidence that Plaintiff submitted during the administrative process. (*See* Tr. 21–24, 27–29, 44–59, 457–64.) The record reflects that the Appeals Council denied review of the ALJ's decision on October 21, 2021, and concluded that the additional evidence submitted by Plaintiff did not have a reasonable probability of changing the outcome of the ALJ's decision. (Tr. 9.) The Appeals Council therefore declined to accept review and did not exhibit the evidence. (Tr. 8–9.)

The evidence at issue includes letters from Angelina's childhood youth minister, pastor, childhood neighbors, current healthcare providers, and former employees of Angelina's schools, indicating that Angelina was severely mentally ill as a child, withdrawn, and often violent. (Tr.

---

[2] The Paragraph B criteria are four functional areas generally utilized for evaluating mental impairments at all levels of the administrative review process: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3) (effective Mar. 27, 2017).

21–24, 27–29, 44–59, 457–64.)  There is also a letter from Dr. Sharon Braun, who saw Angelina three times in 2007 for psychotherapy, and copies of prescriptions for various medications in 2007. (Tr. 44, 48–49.)  Finally, a letter from the Administrative Assistant at St. Mary's University's Family Life Center states that Angelina came in for a counseling intake in January 2005, but the organization does not retain records for more than seven years so did not have information about whether Angelina came for additional counseling sessions or for what issues she received treatment.  (Tr. 53.)

Having reviewed the additional evidence and the record as a whole, the Court finds that the Appeal Council's decision not to exhibit the evidence and accept review was not error.  Under 20 C.F.R. § 404.970(a)(5), the Appeals Council may accept review based on a claimant's submission of additional evidence only if it determines that the evidence in question (1) is new, (2) is material, (3) relates to the period on or before the ALJ's decision, and (4) creates a reasonable probability that it would change the outcome of the decision.  Although the evidence submitted to the Appeals Council includes some medical sources, the evidence from medical providers is limited and does not include any clinical findings or substantive discussion of Angelina's symptoms or how her impairments limited her ability to work prior to age 22.  As to the non-medical evidence, all of the letters from friends, family, and neighbors establish that Angelina was very troubled as a child and young adult but do not address how her emotional and mental struggles affected her ability to work during the relevant time period.  Moreover, several of the letters specifically state that Angelina's impairments worsened significantly once her father passed away in 2008, around the same time she turned age 22.  (Tr. 22, 29, 45.)

In summary, Plaintiff has not established a reasonably probability that consideration of this evidence would change the assessment of the effect of Angelina's mental impairments on her

ability to work prior to age 22, and the Commissioner's decision that Plaintiff is not disabled should be affirmed.

## V.  Conclusion

Based on the foregoing, the Court finds that no reversible error was committed during these proceedings and substantial evidence supports the Commissioner's finding that Angelina was not under disability, as defined by the Social Security Act, prior to the age of 22.  Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision finding that Angelina is not disabled is **AFFIRMED**.

SIGNED this 26th day of April, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE